UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ARTHUR BOCCHI and KAREN BOCCHI,

                        Plaintiffs,

-against-

STATE FARM FIRE AND CASUALTY COMPANY,

                        Defendant.
------------------------------------------------------------------------X

Civil Action
No. 13-CV-2124

**COMPLAINT**

      Plaintiffs, ARTHUR BOCCHI and KAREN BOCCHI ("Plaintiffs") by their attorneys, Milber Makris Plousadis & Seiden, LLP, as and for their Complaint against the defendant STATE FARM FIRE AND CASUALTY COMPANY ("State Farm"), allege as follows:

### JURISDICTION AND VENUE

      1.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) by reason of the diversity of citizenship of the parties and the fact that the amounts in controversy exceed the sum of $75,000 exclusive of costs. This is an action for breach of contract under an insurance policy for property damage.

      2.    Plaintiffs ARTHUR BOCCHI and KAREN BOCCHI are individuals with a residence at 73 Inlet Road W, South Hampton, New York 11968 ("the Property").

      3.    Upon information and belief, STATE FARM is an insurance company licensed, admitted and authorized to engage in the business of liability and casualty insurance in the State of New York, with its principal place of business in Bloomington, Illinois.

      4.    Venue is appropriate in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391.

## AS AND FOR A FIRST CAUSE OF ACTION

5.  This is an action for indemnity under contract and common law, to recover from STATE FARM, payment for property damage sustained to the Property as a result of a fire on or about January 2, 2011.

6.  At all times hereinafter alleged, Plaintiffs owned and had an insurable interest in the Property.

7.  On or before, August 5, 2010, STATE FARM, for good and valuable consideration and premium paid, issued to Plaintiffs a Homeowners policy of insurance, bearing Policy No. 56-BB-0715-3, for the policy period of August 5, 2010 to August 5, 2011 (the "Policy").

8.  The Policy provided insurance coverage to the Property from various risks, including, *inter alia*, property losses caused by fire.

9.  The Policy further provided insurance coverage for personal property and contents of the Premises from various risks, including, *inter alia*, property losses caused by fire.

10.  On or about January 2, 2011, the Property, and contents therein, suffered a sudden and severe fire loss (the "Loss").

11.  Plaintiffs timely reported the Loss to STATE FARM.

12.  Plaintiffs had paid all policy premiums and invoices for the Policy prior to and up to the time of the Loss.

13.  The Policy was in full force and effect at the time of the Loss.

14.  Plaintiffs have complied with STATE FARM's investigation into the Loss and request for documentation.

15. Plaintiffs have made a demand for payment of the loss to STATE FARM in the amount of $428,867.00.

16. Plaintiffs have provided STATE FARM with documentation supporting this request.

17. At the time of the Loss, and at all times thereafter, Plaintiffs have fulfilled all obligations on their part to be performed under the Policy, including, but not limited to, giving of full cooperation to STATE FARM during its investigation and adjustment of the Loss and giving STATE FARM all relevant information (documents, access to premises, detailed inventory of lost/destroyed property, statements, examination under oath, etc.) to which it was entitled to receive during STATE FARM's adjustment of the claim.

18. Plaintiffs are not now, and never have been, in material breach or material default of any enforceable term or condition to the Policy.

19. As a direct result of the loss, Plaintiffs have suffered an insured against loss in excess of $428,867.00 and, STATE FARM is liable under the Policy's terms to indemnify and pay Plaintiffs for such loss, plus interest.

20. STATE FARM has materially breached its obligations under the Policy by its conduct of failing and refusing to timely pay Plaintiffs the sums due to them under the Policy at all times on and after January 2, 2011, to the current date.

21. By failing to pay Plaintiff under the Policy to the full extent of Plaintiffs loss up to the limits of the Policy, STATE FARM has breached its obligations under the Policy.

22. Plaintiffs have taken all reasonable steps and actions to mitigate their damages.

23. Plaintiffs prays judgment be entered against STATE FARM for actual damages in a fair and reasonable sum based upon the evidence received at trial and the law of the case, plus costs, and for such other and further relief as the Court deems fit and proper.

**WHEREFORE**, Plaintiffs ARTHUR BOCCHI and KAREN BOCCHI, demand judgment against defendant STATE FARM FIRE AND CASUALTY COMPANY, together with such other and further relief as this Court may deem just and proper, including the costs, disbursements and attorneys' fees of this action.

Dated: Woodbury, New York
August 15, 2013

                **MILBER MAKRIS PLOUSADIS
                & SEIDEN, LLP**

                Louis S. Tassan (LST 0605)
                *Attorneys for Plaintiffs*
                1000 Woodbury Road, Suite 402
                Woodbury, New York 11797
                (516) 712-4000
                File No. 800-9266
                ltassan@milbermakris.com

TO:   Michael P. Welch, Esq.
       RIVKIN RADLER LLP
       Attorneys for Defendant
       926 RXR Plaza
       Uniondale, New York 11556-0926
       (516) 357-3000
       File No. 2779195